UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re:                                : Chapter 11
                                      :
EUGENE URITSKY,                       : Case #20-13659 (AMC)
            Debtor.                   :

## LIMITED OBJECTION TO DEBTOR'S APPLICATION
## TO RETAIN COUNSEL NUNC PRO TUNC
## BY THE UNITED STATES TRUSTEE

Andrew R. Vara, United States Trustee for Region Three, ("U.S.T.") by the undersigned counsel, hereby imposes a Limited Objection ("Objection") to Debtor's Application to retain counsel *nunc pro* tunc, and in support of this Objection the U.S.T avers:

**Preliminary**

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and the Order of Reference of the United States District Court for the Eastern District of Pennsylvania dated July 25, 1984. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409. The United States Trustee has standing to appear and be heard and to prosecute this Limited Objection pursuant to 11 U.S.C. § 307 and 28 U.S.C. § 586.

**Factual Contentions**

2. On September 10, 2020, ("Petition Date") Eugene Uritsky ("Debtor") filed a Petition under Chapter 11, Title 11, U.S. Code (Bankruptcy Code).

3. The Debtor remains a debtor in possession, and no creditors' committee, trustee, or examiner has been appointed in this case.

4. On October 15, 2020 Debtor filed an Application for retention *nunc pro tunc* ("Application") to the Petition Date.

5. On November 3, 2020 Debtor's counsel filed a Notice of Hearing on its retention Application.

**Law and Argument**

6. Debtor's request to employ counsel *nunc pro tunc* should be denied. *See* Roman Catholic Archdiocese of Puerto Tico v. Acevedo Feliciano, 140 S. Ct. 696 (2020).

7. Our Court has held in accord. *See* In re Saluero's Inc., 20-12251 pmm, (May 28, 2020 – copy of Order attached as Exhibit A); *and see* In re 2morrow's Solutions 2day, LLC elf, (Oct. 19, 2020 -copy of Order attached as Exhibit B).

**WHEREFORE**, the United States trustee moves the Court to enter an Order denying any *nunc pro tunc* relief with respect any approval of the Application. The United States trustee reserve the right to object to any compensation of counsel prior to the time of the entry of an Order approving the Application.

    Respectfully submitted,

    ANDREW R. VARA
    UNITED STATES TRUSTEE
    Region 3


**BY:** */s/ George M. Conway*
    George M. Conway
    Trial Attorney
    200 Chestnut Street
    Suite 502 U S Customs House
    Philadelphia, PA 19106
    Tel: 215-597-4411

Dated: November 4, 2020     Email: george.m.conway@usdoj.gov

# EXHIBIT "A"

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

IN RE:

    Salguero's, Inc.,　　　　　　　　　　　:　　Chapter 11
　　　　　　　　　　　　　　　　　　　　　　　　:
        Debtor.　　　　　　　　　　　　　　　:　　Bky. No. 20-12251 PMM

## O R D E R

**AND NOW,** upon consideration of the Debtor's Application to Employ John A. DiGiamberadino and Case & DiGiamberadino, P.C. (the "Applicant") (Doc. # 15) as Counsel to represent the Debtor in this case ("the Application"), it is hereby **ORDERED** that:

1. The Application is **GRANTED** as of the date of this Order. The Debtor is hereby authorized to employ the Applicant under a general retainer to represent the Debtor as debtor-in-possession.

2. However, the Debtor's request to employ the Applicant *nunc pro tunc*, retroactive to April 29, 2020, is **denied**. See Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano, 140 S.Ct. 696 (2020)[i].

3. Compensation and reimbursement of expenses are to be allowed only by Order of this court upon submission of an Application in conformity with In re Busy Beaver Building Centers, Inc., 19 F.3d 833 (3d Cir. 1994).

Date: May 28, 2020

　　　　　　　　　　　　　　　　　　　　　　　　*Patricia M. Mayer*
　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　**PATRICIA M. MAYER**
　　　　　　　　　　　　　　　　　　　　　　　　**U.S. BANKRUPTCY JUDGE**

---

[i] The Court is mindful that counsel has performed services for the Debtor in Possession prior to the date of this Order and that the filing of the application was hampered by the circumstances surrounding the COVID 19 pandemic. While 11 U.S.C. §330 requires counsel to be retained pursuant to 11 U.S.C. §327 in order to receive compensation, nothing in the Code or Rules precludes a professional from being paid, upon application, for services performed *prior* to entry of the appointing order. See In re Benitez, 2020 WL 1272258, at *2 (Bankr.

1

E.D.N.Y. Mar. 13, 2020) ("a professional must be retained as required by the statute, but once having been retained, the bankruptcy court is free to compensate him for services rendered to the estate at any time, pre and post-court approval . . . ."). See also In re Jarvis, 53 F.3d 416 (1st Cir. 1995) (bankruptcy court may approve employment of a professional after the services have been rendered); In re Twinton Properties P'ship, 27 B.R. 817, 819 (Bankr. M.D. Tenn. 1983) ("the Bankruptcy Code [does not] expressly require[] pre-employment approval . . . "). Accordingly, this Court will consider **all** services rendered by counsel in this case upon the filing of an appropriate fee application in this matter.

# EXHIBIT "B"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| 2morrows Solutions 2day, LLC,[3] | Case No. 20-13870-elf |
| Debtor. | |

**APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION PURSUANT TO
SECTIONS 327(a), 329 & 1107(B) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 2014 & 2016 AND BANKR. E.D. PA. L.R. 2014-1 & 2016-1 FOR
AUTHORIZATION TO RETAIN AND EMPLOY JENSEN BAGNATO, P.C.
AS ATTORNEYS FOR THE DEBTOR AND DEBTOR-IN-POSSESSION
~~NUNC PRO TUNC AS OF THE PETITION DATE~~**

Upon consideration Application of Debtor and Debtor-In-Possession Pursuant to Section 327(a), 329 & 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 & 2016 And Bankr. E.D. Pa. L.R. 2014-1 & 2016-2 For Authorization To Retain And Employ Jensen Bagnato, P.C. ("JBLaw"), As Attorneys For The Debtor And Debtor-In-Possession Nunc Pro Tunc as of the Petition Date (the "Application");[4]; and the Court being satisfied, based on the representations made in the Application, and the Affidavit of Jeffrey M. Carbino, Esquire that JBLaw represents or holds no interest adverse to the Debtor or its estates as to the matters upon which it is to be engaged and is disinterested under section 101(14) of the Bankruptcy Code, and that the employment of JBLaw is necessary and is in the best interests of the Debtor and its estate and it appearing that sufficient notice of the Application has been given; and good cause having been shown, it is hereby

ORDERED that the Application is GRANTED; and it is further

ORDERED that JBLaw is retained and employed ~~nunc pro tunc~~ as of ~~September 25, 2020~~ (for purposes of allowance of compensation) effective Oct. 16, 2020, the date of the filing of the Application; and it is further

---

[3] The last four digits of the Debtor's federal tax identification number are 8517.
[4] Capitalized terms not otherwise defined herein shall have the same meanings given to them in the Application.

ORDERED that JBLaw shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Federal Rules of Bankruptcy Procedure, Local Rules of the Court, and such procedures as may be fixed by order of this Court

Dated: __October 16__, 2020

_____
HONORABLE ERIC L. FRANK
UNITED STATES BANKRUPTCY JUDGE

XX